IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Rakim Brown,

Petitioner,

v.

Warden Mr. Graham,
*Warden (FCI Williamsburg)*,

Respondent.

C/A No. 9:25-cv-12976-JFA-MHC

**ORDER**

Rakim Brown, ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment arguing that the petition should be dismissed because Petitioner's claims are without merit. (ECF No. 12). Petitioner filed a response in opposition to Respondent's Motion, (ECF No. 15), to which Respondent filed a Reply, (ECF No. 16). After reviewing the dispositive motion and briefing, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 21).  Within the Report, the Magistrate Judge opines that Respondent's Motion should be granted, and this Petition should be

---

[1]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

dismissed. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. *Id.*

Petitioner was advised of his right to object to the Report, which was entered on the docket on June 29, 2026. *Id.* The Magistrate Judge required Petitioner to file objections by July 13, 2026. *Id.* Petitioner failed to file objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that this petition should be dismissed.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 21). Consequently, Respondent's Motion, (ECF No. 12), is granted and the petition is dismissed.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

July 28, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."